## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al*.,<br><br>Debtors.<br>―――――――――――――――――<br>G CLUB OPERATIONS, LLC, *et al*.,<br><br>Appellants,<br><br>v.<br><br>LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>Appellee. | No. 3:24-cv-00284 |

### RULING AND ORDER ON PENDING MATTERS

G Club Operations, LLC, *et al.* (the "Appellants"), seek to schedule merits briefing to determine the validity of three extension orders issued by the U.S. Bankruptcy Court, arguing that the Bankruptcy Court "committed reversible error and violated principles of statutory interpretation when it ruled that Federal Rule of Bankruptcy Procedure 9006(b) provides a basis to expand the two-year statutory periods Congress imposed on trustees" to file avoidance actions. Appellant's Br. on Proposed Next Steps 3, ECF No. 71 (July 25, 2025) ("Appellants' Br.").

Luc A. Despins, Chapter 11 Trustee for Debtor Ho Wan Kwok (the "Appellee" or the "Trustee"), seeks to bar any review of this appeal, arguing that the Appellants lack standing and that this Court otherwise lacks jurisdiction under 28 U.S.C. § 158(a). Chapter 11 Trustee's Position Statement Regarding Next Steps in Consolidated Appeals 7, ECF No. 72 (July 25, 2025) ("Appellee's Br.").

For the following reasons, this appeal is **DISMISSED** for lack of jurisdiction.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2022, Mr. Ho Wan Kwok ("Debtor") filed a voluntary petition for bankruptcy under Chapter 11 ("Bankruptcy Code").

On June 15, 2022, U.S. Bankruptcy Judge Manning (the "Bankruptcy Court") entered a memorandum of decision and an order appointing Mr. Despins as Chapter 11 Trustee.

On January 9, 2024, the Trustee filed a motion for a hearing on a forthcoming motion to extend or toll the February 15, 2024 statute of limitations set by sections 108(a), 546(a), and 549(d) of the Bankruptcy Code for filing avoidance actions.

On January 18, 2024, the Trustee filed a motion to extend deadlines, and the next day, the Bankruptcy Court entered an order scheduling a hearing on the motion. Between February 5 and February 8, 2024, the defendants in the bankruptcy action filed their objections to the motion to extend deadlines, and the Trustee filed an omnibus reply the next day.

On February 13, 2024, the Bankruptcy Court held a hearing on the motion and rendered the decision underlying the present appeal. The Defendants argued that the Bankruptcy Court lacked jurisdiction to determine whether the statute of limitations in the relevant sections of the Bankruptcy Code could be extended to allow the Trustee to bring additional avoidance action. Specifically, the Defendants argued that there was no case or controversy and, because

---

[1] While both parties appear to seek additional briefing on the threshold jurisdictional issues, this Court disagrees and considers this Ruling and Order to be the most expeditious way for this case to proceed. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Nevertheless, the Court will consider a timely motion by Appellants to reconsider this Ruling and Order, and to reopen this appeal, to the extent that the Appellants "can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

avoidance actions are matters of private right, the court must determine the merits of the avoidance action before deciding the motion. Notice of Appeal, Exhibit A 6–7, ECF No. 1-1.

On February 15, 2024, the Bankruptcy Court decided that it possessed jurisdiction and granted in part the Trustee's motion to extend the deadline for commencing avoidance actions. On August 14, 2024, the Bankruptcy Court granted the Trustee's second motion for extension. Appellants' Br. at 1–2. On February 14, 2025, the Bankruptcy Court granted a third motion. *Id.*

On February 28, 2024, Appellants appealed the Bankruptcy Court's decisions to grant Trustee's motions for extension of time to U.S. District Court Judge Dooley.

On September 9, 2024, Judge Dooley consolidated several bankruptcy appeals all challenging the Bankruptcy Court's extension of the Trustee's deadline to file avoidance actions. Order Consolidating Cases, ECF No. 26.

On September 10, 2024, this appeal was transferred to U.S. District Judge Nagala. Order of Transfer, ECF No. 33.

On March 18, 2025, this case was consolidated a second time following a related bankruptcy appeal filed that month. Order Consolidating Cases, ECF No. 51.

On March 20, 2025, this appeal was transferred to this Court. Tr. of Video Status Conference, ECF No. 50.

On July 15, 2025, this Court held a status conference, Min. Entry, ECF No. 68, after which parties were directed to file briefs on the proposed next steps for this case, Order, ECF No. 69. Both parties timely filed their briefs and replies. *See* ECF Nos. 71–74.

## II.    STANDARD OF REVIEW

"The current Bankruptcy Code prescribes no limits on standing beyond those implicit in Article III of the United States Constitution. . . . Nevertheless, for practical reasons[, the Second

Circuit] and others have 'adopted the general rule, loosely modeled on the former Bankruptcy Act, that in order to have standing to appeal from a bankruptcy court ruling, an appellant must be "a person aggrieved" – a person "directly and adversely affected pecuniarily" by the challenged order of the bankruptcy court.'" *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88–89 (2d Cir. 2011) (quoting *Int'l Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir. 1991)). "An appellant . . . therefore, must show not only 'injury in fact' under Article III but also that the injury is 'direct[ ]' and 'financial.'" *Id.* at 89 (alteration in original) (quoting *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 642 & n.2 (2d Cir. 1988)).

Even if there is standing, district courts only have jurisdiction "to hear appeals from final judgments, orders, and decrees," and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). In determining finality, "orders in bankruptcy cases [are] immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (internal quotation marks omitted) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *see also Ritzen*, 589 U.S. at 38 ("Delaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes.").

In determining whether leave should be granted from interlocutory orders and decrees, courts in this Circuit look to the analogous standard governing interlocutory appeals from district court orders in 28 U.S.C. § 1292(b). This provision identifies three factors, all of which must be satisfied in order to grant review of a bankruptcy judge's interlocutory order: 1) the order concerns a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) an immediate appeal of the order would materially advance the termination of

the case. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 MISC. 00016 TPG,

2012 WL 613924, at *2 (S.D.N.Y. Feb. 24, 2012).

## III.    DISCUSSION

The threshold issues in this case are whether the Appellants have standing to appeal, and

if so, whether this Court has subject matter jurisdiction under 28 U.S.C. § 158(a) over the

Bankruptcy Court's orders granting the Trustee's motions for extension of time.

The Court will address each issue in turn.

### A.    Standing

"[S]tanding is 'the threshold question in every federal case, determining the power of the

court to entertain the suit.'" *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387–

88 (2d Cir. 1997) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To have standing in an

appeal from a bankruptcy court ruling, "an appellant must be 'a person aggrieved,' – a person

'directly and adversely affected pecuniarily' by the challenged order of the bankruptcy court." *In

re DBSB N. Am., Inc.*, 634 F.3d at 89 (quoting *Int'l Trade Admin*, 936 F.2d at 747).

The requirements for standing in bankruptcy court appeals are stricter than Article III's

"injury in fact" test because they require direct financial injury. *See Kane,* 843 F.2d at 642 n.2

(2d Cir. 1988) (discussing how the standing limitation in bankruptcy appeals "is more exacting

than the constitutional case or controversy requirement imposed by Article III, for under the

constitutional 'injury in fact' test, the injury need not be financial and need only be 'fairly

traceable' to the alleged illegal action") (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

The Trustee argues that the Appellants lack standing to appeal because they are not

aggrieved by the extension orders. This is, in part, due to the Bankruptcy Court's ruling that the

amendments related back to the Trustee's original complaint and the Trustee was entitled to the

benefit of equitable tolling. *See Luc A. Despins v. Apple, Inc., et al.*, Adv. P. No. 24-05060 (JAM), ECF No. 98 at 13–17 (concluding that "the additional claims relate back to the original claims because they share a common core of operative facts with the original claims and a common course of conduct—the [Individual] Debtor's alleged 'shell game'" and also that equitable tolling is appropriate). Because the Trustee did not need to depend on the extension orders to amend the avoidance actions, he argues the extension orders did not aggrieve Appellants. Chapter 11 Trustee's Resp. to Appellants' Br. Regarding Next Steps in Consolidated Appeals 3, ECF No. 74 (August 1, 2025) ("Appellee's Resp.").

In response, the Appellants argue that the extension orders directly and adversely affected their pecuniary interests, thereby giving them standing, because the "amendments increase Appellants' financial exposure while also increasing their litigation burdens." Appellants' Reply to Appellee's Br. on Proposed Next Steps 6, ECF No. 73 (August 1, 2025) ("Appellants' Reply"). Specifically, in their view, the Trustee's amended complaints now seek to avoid and recover hundreds of thousands, and in some cases, millions of dollars, in additional transfers that they allege would otherwise be time barred. *Id.*

The Court disagrees.

Future hypothetical harm, even if pecuniary in nature, is insufficient to confer standing. *See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 243 (2d Cir. 2013) ("Indeed, we have explicitly stated that 'potential harm' from a bankruptcy court order is insufficient to justify appellate standing.") (citing *Kane*, 843 F.2d at 642 n.3); *id.* (noting that "'potential harm incident to the bankruptcy court's orders' is insufficient to render a party 'directly and pecuniarily affected by them'") (quoting *Kane*, 843 F.2d at 642 n.3). Since judgment has not been rendered by the Bankruptcy Court, the Appellants have no actual

financial liability in the avoidance actions. The Appellants' pecuniary interests will be harmed if Trustee is successful in his suit and Appellants are then required to return the fraudulent conveyances, but that time has not yet come. *See, e.g.*, *ACE Am. Ins. Co. v. Old HB, Inc. (In re Old HB, Inc.)*, 525 B.R. 218, 224 (S.D.N.Y. 2015) ("Even if the possibility exists that ACE might have to defend against regulatory complaints and/or civil actions in the future, this does not give ACE standing to appeal the Bankruptcy Court's Order.") (collecting cases).

Increased litigation costs are similarly insufficient to bestow standing in a bankruptcy appeal "if the order's effect on the appellant is merely to expose it to the risks of litigation." *In re Old HB, Inc.*, 525 B.R. at 224 (quoting *Travelers Cas. & Sur. V. Corbin (In re First Cincinnati, Inc.)*, 286 B.R. 49, 53 (6th Cir. BAP 2002)); *see also Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*, 417 B.R. 197, 210–11 (Bankr. S.D.N.Y. 2009) (finding party whose only interest was as defendant had no pecuniary interest in order and no standing to appeal); *but see In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187 (S.D.N.Y. 2019) (finding that litigation costs incurred in defending against baseless claims is a cognizable injury in antitrust actions because it further detracts from the company's ability to compete in the market in further violation of the Clayton Act).

Accordingly, the Appellants lack standing to pursue this appeal.

### B.  Jurisdiction Under 28 U.S.C. § 158(a)

Even if the Appellants had standing, this Court must still have jurisdiction to entertain this appeal under 28 U.S.C. § 158(a). Thus, the Court will review whether the extension order is a final order within the meaning of Section 158(a) and therefore appealable as of right, or whether the Appellants have otherwise met the standard for having leave to appeal granted under 28 U.S.C. § 158(a)(3).

The Court will address each issue in turn.

### 1. An Appeal as of Right

"The standards for determining finality in bankruptcy differ from those applicable to ordinary civil litigation[,]" because "a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding." *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1283 (2d Cir. 1990); *see also Ritzen*, 589 U.S. at 38 ("Delaying appeals from discrete, controversy resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes.").

"By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases . . . immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case." *Id.* at 39 (alteration in original) (quoting *Bullard*, 575 U.S. at 501); *see also* 28 U.S.C. § 157 (defining the "core proceedings" that bankruptcy judges hear, final decisions in which are appealable to district courts under Section 158(a)). But courts "should not define 'proceeding' to include disputes over minor details about how a bankruptcy case will unfold." *Ritzen*, 589 U.S. at 44.

This Court's determination of whether the underlying decision of the Bankruptcy Court is final or interlocutory is "a matter of considerable importance" since "erroneous identification of an interlocutory order as a final decision may yield an appeal over which the appellate forum lacks jurisdiction. Conversely, an erroneous identification of a final order as interlocutory may cause a party to miss the appellate deadline." *Id.* at 39.

The Appellants argue that the Bankruptcy Court's extension orders are final decisions that are appealable as of right because each extension order "conclusively resolved, as a procedural matter, Appellee's requested relief" to extend the statute of limitations for filing avoidance claims.  Appellants' Reply at 4. The Appellants analogized the extension orders to orders denying relief from an automatic stay, which the Supreme Court held in *Ritzen* to be a discrete proceeding, the adjudication of which would be a final decision, 589 U.S. at 43; Appellants' Reply at 3–4.

The Trustee argues that the Bankruptcy Court's extension orders are interlocutory because the relevant proceeding is not the adjudication of the extension motion, but rather the entire avoidance action, and "the Bankruptcy Court has yet to issue final rulings against any of the Appellants in the avoidance actions against them." Appellee's Br at 8. In fact, the Trustee argues, "orders granting extensions of time, such as the Extension Orders, are the prototypical example of orders the Supreme Court has stated are not final." Appellee's Resp. at 2 (alterations in original omitted); *see also Bullard*, 575 U.S. at 505 ("The concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time.").

The Court agrees.

The adjudication of a "proceeding" under 28 U.S.C. § 158(a) will "dispose of discrete disputes within the larger [bankruptcy] case." *Ritzen*, 589 U.S. at 39 (alteration in the original) (quoting *Bullard*, 575 U.S. at 501). Here, the relevant proceeding is the overall avoidance action, not the extension order, which "[does] not resolve a discrete dispute, other than the dispute over the extension itself." *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-CV-1278 (RRM), 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021).

Furthermore, in 28 U.S.C. § 157(b), Congress provided examples of the "core proceedings" statutorily entrusted to bankruptcy judges, decisions of which are appealable to the district courts under 28 U.S.C. § 158(a). Among these core proceedings are "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H). "Although the discrete 'core proceedings' listings 'hardly clinc[h] the matter,' as the 'provision's purpose is not to explain appealability,' they are a 'textual clue' that Congress viewed adjudication of [avoidance] 'proceedings' distinct from claim adjudication." *Ritzen*, 589 U.S. at 44 (quoting *Bullard*, 575 U.S. at 503). Thus, it is the avoidance proceeding in its entirety, rather than the adjudication of an extension motion within the avoidance proceeding, that is the "discrete procedural unit" that "yields a final, appealable order." *See id.* at 37–38.

Significantly, in *Bullard*, the Supreme Court concluded that "the concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time." 575 U.S. at 505. As the Supreme Court later put it, "[c]ourts . . . should not define [a] 'proceeding' to include disputes over minor details about how a bankruptcy case will unfold." *Ritzen*, 589 U.S. at 44. And "'the issue of appealability' should 'be determined for the entire category to which a claim belongs.'" *Ritzen*, 589 U.S. at 46 (quoting *Digit. Equip. Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). In other words, all extension orders are considered interlocutory, despite the circumstances of individual cases. *See, e.g.*, *2178 Atl. Realty LLC*, 2021 WL 1209355, at *3 ("Though Appellants assert that the extension order is a final order because it had the ultimate effect of enabling Appellee to exercise their equitable remedy, inhibited Appellants from taking possession of the property, and 'made confirmation of a reorganization plan possible,' the determination of whether an order is a 'final order' must be determined for the entire category of orders to which this claim belongs. This extension of time

may have been particularly consequential in the case below, but it is still an extension of time. Accordingly, the extension order is not a final order within the meaning of § 158(a) and is therefore not appealable as of right.") (citation omitted); *see also Sec. Inv. Prot. Corp.*, 2012 WL 613924, at *2 ("Defendant now seeks leave to appeal this interlocutory order pursuant to 28 U.S.C. § 153(a)(3), on the grounds that the Bankruptcy Court erred as a matter of law by granting an extension of time to serve where such an extension effectively revived the Trustee's otherwise time-barred claim.").

As a result, the underlying extension orders are interlocutory decisions, over which leave to appeal must be sought; an appeal cannot be granted as of right.

## 2. An Interlocutory Appeal

Even if a bankruptcy order is not appealable as of right, Congress also allowed for district court jurisdiction over a bankruptcy court's "interlocutory orders and decrees" as long as the Appellants seek, and the district court grants, leave to appeal. It is the Appellants' burden to establish that such leave, which may only be granted under "exceptional circumstances," is warranted. *Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018).

Borrowing from the standard governing interlocutory appeals from district court orders under 28 U.S.C. § 1292(b), three factors must be satisfied: (1) the order must concern a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal of the order would materially advance the termination of the case. *Sec. Inv. Prot. Corp.*, 2012 WL 613924, at *2.

As to the first factor, the controlling question of law is whether "[t]he Bankruptcy Court committed reversible error and violated principles of statutory interpretation when it ruled that Federal Rule of Bankruptcy Procedure 9006(b) provides a basis to expand the two-year statutory

periods Congress imposed on trustees in sections 546(a), 549(d), and 108(a)." Appellants' Br. at 3. Because the order concerns a controlling question of law, the first factor is satisfied.

As to the second factor, "[s]ubstantial ground for difference of opinion exists where the questions on appeal are 'difficult and of first impression.'" *Sec. Inv. Prot. Corp.*, 2012 WL 613924, at *3 (quoting *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658–659 (S.D.N.Y. 2005)). Two bankruptcy courts in this District have held that Federal Rule of Bankruptcy Procedure 9006(b) does not authorize the extensions of time at issue in this case, *Mangan v. TL Mgmt., LLC (In re Walnut Hill, Inc.)*, No. 16-20960 (JJT), 2018 WL 2672242, at *1 (Bankr. D. Conn. June 1, 2018); *In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999), while the court below reached the opposite conclusion. Thus, there is substantial ground for difference of opinion regarding the controlling question of law, and the second factor is also satisfied.

As to the third factor, it may be satisfied "when an immediate appeal 'promises to advance the time for trial or to shorten the time required for trial.'" *Kelly v. Harrington (In re Kelly)*, 744 F. Supp. 3d 160, 165 (D. Conn. 2024) (quoting *Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Luxembourg) S.A.*, No. 21-CV-10316 (LAP), 2022 WL 3910679, at *7 (S.D.N.Y. Aug. 31, 2022)). It may also be satisfied if deciding the appeal would determine the bankruptcy court's jurisdiction as to specific parties or the entire matter. *See, e.g.*, *N. Fork Bank v. Abelson*, 207 B.R. 382, 390 (E.D.N.Y. 1997) (finding that the third prong would be satisfied if the Court were to find that "the Bankruptcy Court would not have subject matter jurisdiction to adjudicate the matter, and the case would be dismissed" and that "[t]he same is true with regard to the statute of limitation issue").

But nothing in this record supports the satisfaction of this third factor. Certainly, the Appellants have not indicated or otherwise suggested that resolving this issue now would

advance the termination of the litigation. In fact, "[a]ll of the Trustee's avoidance claims against the Appellants are either stayed, in mediation, or in the relatively early stages of litigation." Appellee's Br. at 6. Additionally, the Trustee filed the initial avoidance actions against all of the Appellants before the initial deadline for filing avoidance actions of February 15, 2024. *Id.* at 5. The Trustee did amend the complaints against some of the Appellants after this deadline, but the Trustee did not rely upon any of the extension orders to file the original claims. *Id.*

Thus, even if this Court were to find that the extension orders were contrary to law, the Trustee's original claims against Appellants would persist. Because an immediate appeal of the order would not materially advance the termination of the case, the third factor has not been met. *See, e.g.*, *Kelly*, 744 F. Supp. 3d at 165 ("If this Court decided the Motion to Recuse, the Motion to Remove the Trustee, and/or the Motion Confirming the Automatic Stay Has Been Terminated in Appellant's favor, it would not shorten any potential trial or the time before trial."); *In re Adelphia Commc'ns Corp.*, 333 B.R. at 663 ("Here, affirmance of the Orders would not advance the proceedings. Reversal could vastly complicate the proceedings by requiring the Bankruptcy Court to appoint hundreds of new professionals to resolve each interdebtor dispute through an adversary proceeding.").

Accordingly, because the Appellants cannot satisfy the standard governing interlocutory appeals from bankruptcy court orders, and this appeal cannot be granted as of right, leave to appeal will be denied and this case will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED** for lack of jurisdiction.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 29th day of September, 2025.

/s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE